IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY BRIAN O'QUINN**

**Plaintiff,**

**v.**

**COMMISSIONER OF FAMILY COURT
DIVISION 14 ANNE MARIE CLARKE,
COMMISSION OF RETIREMENT,
REMOVAL AND DISCIPLINE JIM SMITH,
CIRCUIT ATTORNEY JENNIFER JOYCE,
and ST. LOUIS CITY CHIEF OF POLICE
JOE MOKWA**

**Defendants.**                                             **No. 06-0556-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On July 14. 2006, Plaintiff Jeffrey Brian O'Quinn filed suit against the Commissioner of Family Court Division 14 Anne Marie Clarke, Commission of Retirement, Removal and Discipline Jim Smith, Circuit Attorney Jennifer Joyce and St. Louis City Chief of Police Joe Mokwa seeking to recover damages for Defendants alleged failure to respond to, investigate and act on an assault and battery claim that Plaintiff has against an individual named Fred Griffin and two unnamed others who allegedly shot at Plaintiff, causing him injury (Doc. 1). This is Plaintiff's *third* attempt to sue these same defendants for their alleged conduct in response to the

assault by Fred Griffin on July 4, 2005.[1]  It appears that the allegations of this complaint are the same as the allegations contained in the previous two complaints. Along with his complaint, Plaintiff has filed an application to proceed *in forma pauperis* (Doc. 2).  For the reasons set forth below, the Court denies Plaintiffs motion to proceed *in forma pauperis,* denies as moot the motion to appoint counsel and dismisses his cause of action.

Under the federal *in forma pauperis* statute, **28 U.S.C. § 1915**, the Court must dismiss the action if it finds that either the allegation of poverty is untrue, or the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks damages from a defendant who is immune from such relief.  ***See* 28 U.S.C. § 1915(e)(2)(A),(B)(i)-(iii)**.  As for the "failure to state a claim" factor, the Court will apply the familiar **Rule 12(b)(6)** criterion that dismissal is in order if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."

Because Plaintiff is proceeding *pro se*, the Court must construe his complaint liberally.  ***See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)**.  Even viewing the complaint under this liberal standard, the Court finds that it is frivolous, fails to state a claim upon which relief can be granted

---

[1] See *O'Quinn v. St. Louis City Chief of Police Mokwa*, 4:05-CV-2333 (E.D. Mo.)(Limbaugh, J) (dismissing case as frivolous and finding Defendants Joyce and Clarke immune from suit (Doc. 16)) and *O'Quinn v. St. Louis City Circuit Attorney, et al.*, 06-CV-0314-DRH (dismissing case as frivolous and/or for failure to state a claim upon which relief can be granted and also finding that Defendants Joyce and Clarke immune from suit(Doc. 5)).

and is seeking damages from Defendants that are *immune* from suit. The Court also adopts the analyses and reasons set forth in ***O'Quinn v. St. Louis City Circuit Attorney*, 06-CV-0314-DRH** (Doc. 5) and in ***O'Quinn v. St. Louis City Chief of Police Mokwa*, 4:05-CV-2333 (E.D. Mo.)(Limbaugh, J)(Doc. 16)** in support of its conclusion to dismiss this case. Further, the Court finds that O'Quinn's cause of action against these Defendants is also barred by res judicata. ***See Highway J Citizens Group v. U.S. Dept. of Transp.,* 456 F.3d 734, 741 (7th Cir.2006) (stating requirements for res judicata)**.

Accordingly, the Court **DENIES** Plaintiff's motion to proceed in forma pauperis and **DENIS as moot** the motion to appoint counsel (Doc. 3). The Court **DISMISSES with prejudice** O'Quinn's cause of action. Also, the Court **BARS** O'Quinn from filing further lawsuits against these Defendants based on the issues in this case as the principle of res judicata applies. If O'Quinn is unhappy with the result of this lawsuit, he should appeal the case; not re-file the lawsuit in hopes of a different outcome.

**IT IS SO ORDERED.**

Signed this 27th day of November, 2006.

/s/      David   RHerndon
**United States District Judge**